FILED

AUG 10 2015

Clerk, U.S. District and
Bankruptcy Courts

PATRICK DANIEL
2323 South Voss Rd
Suite 330
Houston, TX 77057

VERSUS

EBAY, INC. and
JACK LY a/k/a DAVID KENNEDY

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CIVIL

JUDG

Case: 1:15-cv-01294 Jury Demand
Assigned To : Sullivan, Emmet G.
Assign. Date : 8/10/2015
Description: Pro Se Gen. Civil (F DecK)

## COMPLAINT FOR DAMAGES

Plaintiff, Patrick Daniel (hereinafter referred to as "Plaintiff"), a person of the full age of majority and resident and domiciliary of the State of Texas, appearing pro se, respectfully represents:

1. Made Defendants herein are:

   a. eBay, Inc. (hereinafter referred to as "eBay"), a Delaware corporation, who can be served through its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801;

   b. Jack Ly, also known as David Kennedy (hereinafter referred to as "Tortfeasor"), an individual, who may be served personally at 1600 Maryland Avenue, Washington D.C. 20002.

2. This claim is brought and arises under 28 USC §1332 due to the diversity of citizenship of the parties.

3. Defendants maintain offices and transact business within the geographical boundaries of this Court and a substantial part of the acts or omissions giving rise to this claim occurred in this judicial district.

4. On or about July 9, 2015, (hereinafter referred to as the "subject incident"), Plaintiff purchased an Audemars Piguet Royal Oak Offshore watch (hereinafter referred to as "watch")with an approximate retail value of $75,000 from Tortfeasor

5. At all relevant times herein, Tortfeasor was a registered seller on eBay's website, utilizing the username "dken" and all contact was initiated through eBay's website wherein eBay profited and continues to profit from this relationship with Tortfeasor.

6. Plaintiff and Tortfesor communicated through eBay and agreed upon a price and the sale was completed by wiring money into Tortfeasor's Bank of America bank account as listed on eBay's website.

RECEIVED
Mail Room

AUG 10 2015

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

7. Upon receipt of the watch, Plaintiff brought the watch to Zadok's Jewelers, an authorized Audemars Piguet dealer, and the watch was sent to an Audemars Piguet service center where it was determined, on July 14, 2015, that the watch was counterfeit.

8. Plaintiff contacted Tortfeasor, through eBay, in an attempt to rectify this issue, as the watch was listed as "authentic" on the Tortfeasor's eBay page seeking return of his money.

9. Plaintiff initially notified eBay that counterfeit goods were being sold on its site by Tortfeasor and eBay refused to provide contact information for Tortfeasor or cooperate in the investigation and refund of Plaintiff's money in this matter and further allowed Tortfeasor to continue selling goods through the date of this filing.

10. Tortfeasor arranged a meeting with Plaintiff to exchange the watch for return of the purchase price; however, Tortfeasor did not present himself at the agreed upon location and Plaintiff incurred additional costs for Tortfeasor and eBay's fraud.

11. The amount in controversy exceeds $75,000.00.

12. Plaintiff hereby makes demand for a trial by jury.

13. Upon information and belief and at all times relevant herein, the aforementioned incident was caused totally, solely and/or concurrently through the negligence and/or fault of the Defendants in the following non-exclusive particulars, to-wit:

    a. Breach of Contract;

    b. Fraud;

    c. Collusion;

    d. Conspiracy;

    e. Failure to monitor business and its agents;

    f. Failure to supervise business and its sellers;

    g. Agency;

    h. Unjust enrichment;

    i. Redhibition;

j. Theft by Deception;

k. Theft by Conversion;

l. Unfair and deceptive trade practices; and

m. Violations of laws, statutes and/or regulations designed for the safety of consumers.

14. As a result of the aforementioned accident, Plaintiff sustained injuries and/or damages, which they outline in the following non-exclusive particulars, to-wit;

a. Actual Expenses;

b. Humiliation;

c. Shame;

d. Embarrassment;

e. Isolation;

f. Despair;

g. Mental distress, worry and anxiety;

h. Emotional trauma and insecurity;

i. Loss of enjoyment of life and inconvenience;

j. Punitive and Exemplary Damages;

k. Attorney's Fees;

l. Legal interest from the date of judicial demand; and

m. All costs of court and expenses incurred in the prosecution of this litigation.

Thus, Plaintiff desires and is entitled to such damages in an amount reasonable in the premises.

Plaintiff prays that:

a. Defendants be duly summoned and served with a copy of this Complaint For Damages;

b. After all legal delays and due proceedings be had, there be judgment rendered herein in favor of Plaintiffs and against Defendants, jointly, severally and *in solido*, in the full and true sum of an amount reasonable in the premises, maintenance, cure, punitive damages, attorneys' fees, plus legal interest thereon from the date of incident until paid, all costs of these proceedings and all other equitable and just relief; and

c. Plaintiffs be given Notice of Judgment, Trial and all steps and action taken in this litigation under Federal Rules of Civil Procedure.

| | |
|---|---|
| *Respectfully:* | |
| [signature] | |
| PATRICK DANIEL | |
| THE DANIEL LAW FIRM | |
| APPEARING PRO SE | |

| | | |
|---|---|---|
| MAILING: Post Office Drawer 37369; Houston, Texas 77237 ||| 
| PHYSICAL: 2323 SOUTH VOSS ROAD, SUITE 330, HOUSTON, TEXAS 77057 |||
| Telephone: 337.232.7516 | Telefax: 337.261.9589 | *patrick@dpdlawfirm.com* |