UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                              |   |                              |
|------------------------------|---|------------------------------|
| PATRICK DANIEL,              | ) |                              |
|                              | ) |                              |
| Plaintiff,                   | ) |                              |
| v.                           | ) |                              |
|                              | ) |                              |
| EBAY, INC., *et. al.*,       | ) | Civil Action No. 15-1294 (EGS) |
|                              | ) |                              |
| Defendants.                  | ) |                              |

**MEMORANDUM OPINON AND ORDER**

Plaintiff Patrick Daniel ("Mr. Daniel"), an attorney proceeding *pro se*, brings suit against eBay, Inc. ("eBay") and individual eBay seller Jack Ly ("Mr. Ly")(also known as David Kennedy). Mr. Daniel brings several claims against both defendants, including "breach of contract, fraud, collusion, conspiracy, failure to monitor business and its agents, failure to supervise business and its sellers, agency, unjust enrichment, redhibition, theft by deception, theft by conversion, unfair and deceptive trade practices, and violations of [unspecified] laws, statutes, and/or regulations designed for the safety of consumers." Compl., ECF No. 1 ¶ 13. Mr. Daniel's claims all arise from his purchase of an allegedly counterfeit watch from Mr. Ly through eBay's online marketplace. Arguing that Mr. Daniel had agreed to submit to arbitration, eBay filed a motion to compel arbitration and stay this litigation. Def.'s

Mot. to Arb., ECF Nos. 6, 9.[1] Pending before the Court are Mr. Daniel's objections to Magistrate Judge G. Michael Harvey's Report and Recommendation ("R&R"), which recommends that the Court grant eBay's motion to compel arbitration and stay litigation. *See* R&R, ECF No. 15.

Upon consideration of the R&R, Mr. Daniel's objections, eBay's response to those objections, eBay's motion to compel arbitration, the responses and replies thereto, and the relevant law, the Court declines to adopt Magistrate Judge Harvey's R&R and **DENIES** eBay's motion to compel arbitration and stay the litigation pending before the Court.

I. **Background**

Mr. Daniel does not appear to object to Magistrate Judge Harvey's recitation of the facts. *See* Pl.'s Objections, ECF No. 17. To briefly summarize, Mr. Daniel bought what he thought was an "authentic" Audemars Piguet Royal Offshore Watch from Mr. Ly, a registered eBay seller, via eBay's online marketplace on July 9, 2015. Compl., ECF No. 1 ¶¶ 4-6, 8. The watch was allegedly worth $75,000. *Id.* On July 14, 2015, Mr. Daniel learned that the watch was counterfeit, not "authentic" as marketed. *Id.* ¶¶ 7, 8. Upon learning the watch was counterfeit, Mr. Daniel contacted

---

[1] eBay's motion to compel was filed as docket entry number 6, but eBay filed an amended memorandum in support of its motion to compel as docket entry number 9.

Mr. Ly and arranged a meeting to return the watch, but Mr. Ly did not appear. *Id.* ¶ 10. Mr. Daniel notified eBay, but it allegedly "refused" to provide him with Mr. Ly's contact information or refund his money. *Id.* ¶ 9. Within a month, Mr. Daniel sued eBay and Mr. Ly for breach of contract, fraud, and unjust enrichment, among several other charges. *See id.* ¶ 13.

eBay contends that Mr. Daniel is required to arbitrate his claims against the company pursuant to various iterations of its "User Agreements." *See* Def.'s Mot. to Arb., ECF No. 9; R&R, ECF No. 15 at 3-6. When Mr. Daniel registered as an eBay user in March 1999, he was required to accept the 1999 User Agreement by clicking "I accept" on an online form. Long Decl., ECF No. 6-2 ¶¶ 3-12. The 1999 User Agreement did not contain an arbitration clause, but provided that eBay may "amend this Agreement at any time by posting the amended terms on our site." Long Decl., ECF No. 6-2 ¶ 13; 1999 User Agreement ("U.A."), ECF No. 6-2 at 13.

Pursuant to that "change-in-terms" provision, eBay amended its User Agreement to include an arbitration clause in August 2012. Long Decl., ECF No. 6-2 ¶ 14;[2] 2012 U.A., ECF No. 6-2 at 22-29. The 2012 User Agreement stated that users and eBay agree that "any and all disputes or claims that have arisen or may arise between [the user] and eBay shall be resolved exclusively

---

[2] Paragraph 14 of the Long Declaration appears to be incomplete and paragraph 15 is missing. *See* Long Decl., ECF No. 6-2.

3

through final and binding arbitration, rather than in court."
2012 U.A., ECF No. 6-2 at 27. The User Agreement allowed users
to "opt out" of the arbitration provision by mailing eBay a
written opt-out notice within a certain amount of time. *Id.* at
28. According to eBay, Mr. Daniel did not "opt out." Long Decl.,
ECF No. 6-2 ¶ 17.

In June 2015, eBay amended its User Agreement again. *Id.* ¶
18; 2015 U.A., ECF No. 6-2 at 31-40. This version of the User
Agreement was in effect when Mr. Daniel purchased the
counterfeit watch in July 2015. Long Decl., ECF No. 6-2 ¶ 18.
The 2015 User Agreement contained an arbitration provision
practically identical to the 2012 version:

> [The user] and eBay each agree that any and
> all disputes or claims that have arisen or may
> arise between [the user] and eBay relating in
> any way to or arising out of this or previous
> versions of the User Agreement, [the user's]
> use of or access to eBay's Services shall be
> resolved exclusively through final and binding
> arbitration, rather than in court . . . . The
> Federal Arbitration Act governs the
> interpretation and enforcement of this
> Agreement to Arbitrate.

2015 U.A., ECF No. 6-2 at 37.

Mr. Daniel denies receiving notification of either amended
User Agreements. Daniel Aff., ECF No. 17 at Ex. 2 ¶¶ 2, 3 ("At
no time have I received an email [or message] from eBay
notifying me of a proposed compulsory arbitration provision.").
eBay responds, stating that Mr. Daniel was notified of the 2015

4

User Agreement via an email sent to his registered email address. Long Decl., ECF No. 6-2 ¶ 19; *see also* Form Email with 2015 U.A., ECF No. 6-2 at 42-43.

## II. Standards of Review

### A. Objections to a Magistrate Judge's Report and Recommendation

Pursuant to Federal Rule of Civil Procedure 72(b), once a magistrate judge has entered a recommended disposition, a party may file specific written objections. The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "may accept, reject or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3). Proper objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for objection." Local Civ. R. 72.3(b). "As numerous courts have held, objections which merely rehash an argument presented to and considered by the magistrate judge are not 'properly objected to' and are therefore not entitled to de novo review." *Shurtleff v. U.S. Envtl. Prot. Agency*, 991 F. Supp. 2d 1, 8 (D.D.C. 2013) (quoting *Morgan v. Astrue*, Case No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009) (collecting cases)). Likewise, a court need not consider cursory objections made only in a footnote. *Hutchins v. District of Columbia*, 188 F.3d 531, 539 n.3 (D.C. Cir. 1999); *see also*

5

*Potter v. District of Columbia*, 558 F.3d 542, 553 (D.C. Cir. 2009) (Williams, J. concurring) (internal citations omitted).

**B. Motion to Compel Arbitration**

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, "governs the enforcement of contractual arbitration provisions" related to matters of interstate commerce. *Aneke v. Am. Express Travel Related Servs., Inc.*, 841 F. Supp. 2d 368, 373 (D.D.C. 2012). It provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The "saving clause" in this section "permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal quotations and citations omitted).

The FAA reflects "a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *Id.* (internal quotations and citations omitted). It "strongly favors the enforcement of agreements to arbitrate as a means of securing prompt, economical and adequate solution of controversies." *Rodriguez de Quijas v.*

*Shearson/Am. Express, Inc.*, 490 U.S. 477, 479-80 (1989). Therefore, "district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4)(emphasis in original).

When adjudicating a motion to compel arbitration, district courts apply the summary judgment standard of Federal Rule of Civil Procedure 56(c). *Aliron Int'l, Inc. v. Cherokee Nation Indus., Inc.*, 531 F.3d 863, 865 (D.C. Cir. 2008). Under Rule 56, summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. To that end, "the party seeking to stay the case in favor of arbitration bears an initial burden of demonstrating that an agreement to arbitrate was made . . . . [while] the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Saki v. Estee Lauder Cos.*, -- F. Supp. 3d --, 2018 WL 1953899 at *4-5 (D.D.C. April 25, 2018)(citing *Green Tree Fin. Corp.-Ala. V. Randolph*, 531 U.S. 79, 91 (2000)).

### III. Analysis

In its motion to compel arbitration, eBay argues that Mr. Daniel is required to submit to arbitration because he agreed to the 1999 User Agreement, which contained the change-in-terms

7

clause. *See* Def.'s Mot. to Arb., ECF No. 9. Because eBay amended its User Agreement to require arbitration pursuant to that clause, eBay argues that Mr. Daniel agreed to the changes. *See id.* eBay points to the fact that Mr. Daniel did not opt out of the arbitration provision even though he had the option to do so. *See id.* at 3. In response, Mr. Daniel argues that he never agreed to the 2012 and 2015 arbitration clauses because he never received notification of the amended terms. *See* Pl.'s Opp'n, ECF No. 11. Alternatively, he argues that the arbitration agreement, if any, is unenforceable and does not encompass his claims against eBay. *See id.*

The R&R recommends that the Court grant eBay's motion to compel because: (1) the parties entered into a valid arbitration agreement, *see* R&R, ECF No. 15 at 12-14; (2) the arbitration agreement is enforceable, *see id.* at 14-16, 19-27; and (3) the arbitration clause encompasses Mr. Daniel's claims, *see id.* at 16-18. In recommending this outcome, the R&R did not resolve the choice of law dispute between the parties. *See* R&R, ECF No. 15 at 9-11 ("When determining whether an arbitration agreement is valid, 'courts apply ordinary state-law principles that govern the formation of contracts.'") (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 955 (1995)). Mr. Daniel argues that Louisiana law applies, *see* Pl.'s Opp'n, ECF No. 11 at 2, 6-10, while eBay asserts that "either Utah or Texas law applies,"

*see* Def.'s Reply, ECF No. 14 at 5, 7. The R&R does not resolve the issue because it concludes that eBay's motion to compel arbitration should be granted pursuant to the law of each jurisdiction. *See* R&R, ECF No. 15 at 9-11. While the Court disagrees that eBay's motion should be granted, it agrees that it need not resolve the choice of law issue as the laws of these jurisdictions produce identical results. *See Nat'l R.R. Passenger Corp. v. Lexington Ins. Co.*, 365 F.3d 1104, 1107 (D.C. Cir. 2004)("we need not delve into choice of law issues, as there is no conflict of law for this Court to resolve"). Consequently, the Court looks to Utah, Louisiana, and Texas law.

In his objections, Mr. Daniel seems to argue that the Court should apply California law. *See* Pl.'s Objection, ECF No. 17 at 5-6. Not only does California not appear to have a significant interest in the application of its law to this dispute, *see Geico v. Fetisoff*, 958 F.2d 1137, 1141 (D.C. Cir. 1992), but Mr. Daniel also did not argue that California law should apply when opposing eBay's motion to compel arbitration, *see* Pl.'s Opp'n, ECF No. 11. Mr. Daniel is entitled to a *de novo* review of Magistrate Judge Harvey's findings; he is "not, however, entitled to a *de novo* review of an argument never raised." *Aikens v. Shalala*, 956 F. Supp. 14, 22 (D.D.C. 1997).

**A. Mr. Daniel Did Not Consent to Arbitration**

In adjudicating motions to compel arbitration, the Court must determine (1) whether the parties entered into a valid and enforceable arbitration agreement; and, if so, (2) whether the arbitration agreement encompasses the parties' claims. *See Courville v. Allied Prof'ls Ins. Co.*, 174 So.3d 659, 663 (La. Ct. App. 2015) ("In ruling on a motion to compel arbitration, the court must first determine whether the parties agreed to arbitrate the type of claim that is at issue."); *Bybee v. Abdulla*, 189 P.3d 40 ¶ 26 (Utah 2008)("For a dispute to be subject to arbitration, an agreement to arbitrate must exist that binds the party whose submission to arbitration is sought and the dispute to be arbitrated must fall within the scope of the agreement.") (internal citations omitted); *In re Conseco Fin. Serv. Corp.*, 19 S.W.3d 562, 567 (Tex. App. 2000)(same).

The R&R finds that eBay and Mr. Daniel had agreed to arbitrate because Mr. Daniel accepted the 1999 User Agreement, which contained the change-in-terms provision that allowed eBay to amend future User Agreements. *See* R&R, ECF No. 15 at 12-14. Therefore, the R&R concludes that the 2012 and 2015 User Agreements—which contained arbitration clauses—are enforceable by virtue of the 1999 User Agreement. *Id.* By failing to opt out of the arbitration provision, Mr. Daniel "manifested his assent to the terms of eBay's User Agreement and the arbitration clause

therein." *Id.* at 14. The R&R did not consider whether Mr. Daniel could consent to the later-added arbitration provisions without personal notice of the changes or whether posting the amended User Agreements on eBay's website was sufficient notice. *See id.* Although the R&R assumes that Mr. Daniel was entitled to notice of the arbitration provisions, it does not address whether the record establishes that eBay sent such notice. *See id.*

Mr. Daniel objects to the R&R by arguing that he never consented to arbitration. Pl.'s Objections, ECF No. 17 at 2-3, 7-9. Mr. Daniel does not dispute that he consented to the 1999 User Agreement by clicking "I accept" when he registered for an eBay account. *See generally* Pl.'s Opp'n, ECF No. 11; Pl.'s Objections, ECF No. 17. He also does not dispute that the 1999 User Agreement allows eBay to amend its contract by "posting the amended terms on [eBay's] site." *See id.*; 1999 U.A., ECF No. 6-2 at 13. Instead, Mr. Daniel argues that he never received notification of the amended User Agreements and thus, eBay "cannot offer credible evidence of [his] intent to be bound to arbitration." *Id.* at 1, 3; Pl.'s Aff., ECF No. 17 at 22 ¶¶ 2-4. Mr. Daniel contends that he had no intent to be bound to arbitrate when he accepted a contract that did not contain an arbitration provision thirteen years earlier. *See* Pl.'s Objections, ECF No. 17 at 3-4, 8-9 ("eBay has no proof of [Mr. Daniel's] consent to arbitrate"). At issue, then, is whether Mr.

Daniel consented to the later-added arbitration clause by virtue of the change-in-terms provision and whether Mr. Daniel could consent to the arbitration clauses without notice of them.

As a matter of "basic contract formation principles, an agreement to arbitrate is not created by a unilateral offer from one party"; it requires "mutual assent" to be enforceable. *Morgan v. Bronze Queen Mgmt. Co.*, 474 S.W.3d 701, 706 (Tex. App. 2014). Indeed, "the general rule of arbitration agreements is that one who has not manifested assent to an agreement to arbitrate cannot be required to submit to arbitration." *Ellsworth v. Am. Arb*. Ass'n, 148 P.3d 983, 989 ¶ 19 (Utah 2006). Therefore, the "minimum threshold" for enforcement of an arbitration provision is "direct and specific evidence of an agreement [to arbitrate] between the parties." *Id.* at 987 ¶ 14 (quotations and citations omitted). A plaintiff is "not bound by the terms of [] later-added arbitration clauses unless he consented to them, as a 'substantive change in the terms of a contract requires the consent of parties.'" *FIA Card Servs. v. Weaver*, 62 So.3d 709, 718 (La. 2011)(quoting *Lanier v. Alenco*, 459 F.2d 689, 693 (5th Cir. 1972)). Therefore, the Court rejects the R&R's finding that eBay and Mr. Daniel agreed to arbitrate solely because Mr. Daniel accepted the 1999 User Agreement, which contained the change-in-terms provision that allowed eBay to amend future User Agreements.

A party may consent to a later-added arbitration clause if the party: (1) is notified about the arbitration clause; and (2) assents via continued use of the product or service. *See FIA*, 62 So.3d at 718 ("it is black letter law that, if a credit card company sends a notice of change in terms of the agreement, the customer assents to the new terms by his continued use of the card"); *Koontz v. Citibank*, Civ. No. 01-08-495, 2010 WL 2545583 at *2 (Tex. App. 2010)(finding that the consumer consented to a later-added arbitration clause, despite not signing a new contract, because she received a notice explaining the change, did not opt out of the provision, and continued using the product). Therefore, while a party need not necessarily sign a contract with a later-added arbitration clause in order to assent, the party cannot agree to a newly-added arbitration clause without personal notice of that provision. *See McCoy v. Blue Cross & Blue Shield*, 20 P.3d 901, 904 ¶ 13 (Utah).

Notice of a later-added arbitration provision is essential because "when parties agree to arbitrate, they waive the substantial right to judicial resolution of their disputes." *Id.* ¶ 15. While the FAA "requires courts [to] rigorously . . . enforce arbitration agreements," *Epic Sys. Corp. v. Lewis*, -- S. Ct. --, 2018 WL 2292444 at *5 (May 21, 2018)(quotations and citations omitted), "the policy of liberally construing agreements in favor of arbitration is conditioned upon the prior

determination that arbitration is a 'remedy freely bargained for by the parties and [which] provides a means of giving effect to the intention of the parties,'" *McCoy*, 20 P.3d at 904 ¶ 15. This is not to say that eBay must prove that Mr. Daniel actually *received* notice. *FIA*, 62 So.3d at 718 n.7 ("There is no requirement that FIA prove Weaver, specifically, received the notice."). However, eBay must show and the record must reflect that it undertook specific efforts to send notice of the new arbitration provisions to Mr. Daniel on a certain date. *See id.* (citing *Nolan v. Mabray,* 51 So.3d 665 (La. 2010)(not enforcing a later-added arbitration clause because the record did not contain evidence "showing when or if the notices were mailed to customers")); *see also Marsh v. First USA Bank, N.A.,* 103 F. Supp. 2d 909, 918-19 (N.D. Tex. 2000)(enforcing a valid arbitration provision because the record established, via depositions and affidavits, that the company had quality assurance controls to ensure that every customer received notice of the later-added arbitration provision).

In *McCoy v. Blue Cross & Blue Shield*, the Utah Supreme Court applying Utah law—eBay's preferred forum—denied a motion to compel arbitration for failure to demonstrate notice and assent. 20 P.3d at 905 ¶¶ 17, 18. Relying on a change-in-terms clause, Blue Cross argued that the plaintiff had agreed to arbitrate because the parties had agreed that Blue Cross "had

the absolute right to modify or amend [its] agreement from time to time." *Id.* ¶ 16. Notwithstanding that provision, the Utah Supreme Court found that the plaintiff had not agreed to arbitrate by merely agreeing that Blue Cross could amend the contract terms at a later time. *Id.* ¶ 17. Instead, the company was required to establish that it had notified the plaintiff "personally" about the newly-added arbitration provision. *Id.* ¶ 18. Blue Cross' statement that it had mailed a notice to all subscribers was not sufficient: "its evidence described general procedures but did not establish any actual mailing, or even attempt to mail, that was directed to [the plaintiff] personally." *Id.* So here too.

eBay has not established that it notified Mr. Daniel about the 2012 and 2015 amended User Agreements containing the arbitration clauses. First, eBay contends that Mr. Daniels received notice when it posted the amended User Agreements on its website. *See* 2012 U.A., ECF No. 6-2 at 22 (posted on eBay's website); 2015 U.A., ECF No. 6-2 at 31 (posted on eBay's website); Long Decl., ECF No. 6-2 ¶¶ 14, 19. eBay does not provide any authority from any of the three jurisdictions for the proposition that such posts constituted notice sufficient to demonstrate an agreement to arbitrate. *See generally* Def.'s Mot. to Arb., ECF No. 9. Indeed, in eBay's preferred forum claims of "general" notice without evidence of "personal[]" and "actual"

mailing to affected customers was insufficient to demonstrate consent. *See McCoy*, 20 P.3d at 905 ¶ 18.

Next, eBay asserts that it sent the 2012 User Agreement to Mr. Daniel "through his My eBay Message Center." Def.'s Mot. to Arb., ECF No. 9 at 3 (citing Long Decl., ECF No. 6-2 ¶ 18); *see also* Def.'s Reply, ECF No. 14 at 2 (citing Long. Decl., ECF No. 6-2 ¶¶ 18-20). The record does not support this assertion. Paragraphs 18 and 19 of the Long Declaration do not state that Mr. Daniel was sent a message regarding the 2012 User Agreement via the "Message Center" and paragraph 20 does not exist. *See* Long Decl., ECF No. 6-2. Moreover, eBay does not provide a copy of any message sent to Mr. Daniel.

Finally, eBay asserts that its "records show that Daniel was notified of the [2015] revisions via an email sent to his registered email address." Def.'s Mot. to Arb., ECF No. 9 at 3-4 (citing Long Decl., ECF No. 6-2 ¶ 20; Form Email with 2015 U.A., ECF No. 6-2 at 42-43). Again, the record does not support this assertion. Not only is there no paragraph 20 in the Long Declaration, but the email attached as an exhibit to the Declaration was not addressed to Mr. Daniel. Instead, eBay relies on a form email that it states was sent to eBay users to notify them of updates to the 2015 User Agreement. *See* Long. Decl., ECF No. 6-2 ¶ 19; Form Email with 2015 U.A., ECF No. 6-2 at 42-43(form email is addressed to "[USER]" without any email

address or date sent). eBay has therefore failed to demonstrate that it sent Mr. Daniel an email notifying him of the 2015 User Agreement. *See McCoy*, 20 P.3d at 905 ¶ 18 (requiring evidence of personal notification to establish consent to arbitration); *FIA*, 62 So.3d at 718-19 (vacating arbitration award because the company failed to provide evidence that notice of the arbitration clause was mailed to customers and as such, the court was "unable to conclude that [the consumer] ever consented to resolve his credit card disputes via arbitration"); *Koontz*, 2010 WL 2545583 at *2-3 (finding that the consumer had consented to arbitration because it was undisputed that the company had sent the consumer the agreement to arbitrate). In sum, eBay has failed to establish mutual assent to arbitrate because it failed to meet its burden of demonstrating that Mr. Daniel was personally notified of the 2012 or 2015 User Agreements containing the arbitration provisions.[3]

**IV.   Conclusion and Order**

For the aforementioned reasons, the Court declines to adopt Magistrate Judge Harvey's R&R. Accordingly, the Court **DENIES** eBay's motion to compel arbitration and stay the litigation.

---

[3] Mr. Daniel also argues that the arbitration agreement is unenforceable because it is unconscionable and illusory. Pl.'s Objections, ECF No. 17 at 5-6, 10-12. He also contends that any arbitration agreement does not fully encompass his claim. *Id.* at 9-10. Because the Court finds that eBay did not establish mutual assent to arbitrate, it need not reach these arguments.

Pursuant to the Court's September 30, 2015 Minute Order, eBay is directed to file its answer to Mr. Daniel's complaint by no later than August 27, 2018. Within thirty days after eBay has filed it answer, the parties shall meet and confer as required by Federal Rule of Civil Procedure 26(f). *See* Court's Standing Order ¶ 9.

**SO ORDERED.**

**Signed: Emmet G. Sullivan**
**United States District Judge**
**July 26, 2018**